# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAQUIN PONCE AGUIRRE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | Case No. 1:26-cv-07526-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, TERMINATING RESPONDENTS' MOTION TO DISMISS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 1, 7) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 5, 6, 8.)

On October 13, 2026, Respondent filed a motion to dismiss the petition because "Petitioner is subject to a final order of removal and is detained pursuant to mandatory detention authority under 8 U.S.C. § 1231(a)(2)." (ECF No. 7 at 1.) On October 29, 2026, mail sent to Petitioner was returned as undeliverable. A search of the U.S. Immigration and Customs Enforcement ("ICE") Online Detainee Locator System using Petitioner's A-number returns with zero results. See ICE, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Nov. 2, 2026).

The Court ordered Respondent to provide a custody status update, and on November 6, 2026, Respondent informed the Court that Petitioner was removed to Mexico on October 16, 2026. (ECF No. 10.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenged his immigration detention. (ECF No. 1.) On October 16, 2026, Petitioner was removed to Mexico. (ECF No. 10.) As Petitioner is no longer in federal immigration detention, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

**III.**

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED as moot;
2. Respondents' motion to dismiss (ECF No. 7) be TERMINATED; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge